**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES VAN ZEELAND, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| RAND MCNALLY, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, James Van Zeeland, by and through his attorneys, files this Complaint on behalf of himself and all others similarly situated against Defendant, Rand McNally, and alleges as follows:

## NATURE OF THE ACTION

1. This is a class action brought by Plaintiff, James Van Zeeland ("Van Zeeland" or "Plaintiff"), against Defendant, Rand McNally ("Rand McNally" or "Defendant"), on behalf of all current and former owners of the Rand McNally TND Tablet 80 Truck GPS ("TND Tablet 80").

2. This action is brought to remedy violations of federal and state consumer protection and/or warranty statutes in connection with Defendant's misconduct, including its

-1-

concealment of material facts concerning the design, manufacture, performance history, and propensity for failure and malfunction of the TND Tablet 80 during the distribution, marketing, sale, advertisement, and customer service performed with respect to the TND Tablet 80.

3. Plaintiff asserts claims, individually and on behalf of the Class, as defined herein, for: violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("MMWA"); breach of express and implied warranty; violations of the Consumer Fraud and Deceptive Practices Act (815 ILCS 505/2) and Illinois Uniform Deceptive Trade Practices Act (815 Ill. Comp. Stat. § 510/2); violations of State Consumer Protection Statutes; fraudulent concealment; and unjust enrichment.

4. Plaintiff seeks injunctive relief, actual damages, restitution and/or disgorgement of profits, statutory damages, attorneys' fees, costs, and all other relief available to Plaintiff and the Class.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy, upon information and belief, is more than $5 million, exclusive of interest and costs, and this matter is a class action in which certain Class members are citizens of a different state than that of Defendant.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant does business throughout this district and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in, or emanated from, this district. Rand McNally also has its principal place of business in this district.

7. At all pertinent times, Defendant was engaged in the sale, advertising,

distributing, marketing, and promotion of products, including the TND Tablet 80, throughout the United States.

8.     The TND Tablet 80 that forms the basis of this Complaint was purchased from Defendant and/or placed in the stream of commerce by Defendant.

## PARTIES

9.     Plaintiff is, and at all times relevant to this action has been, a resident of Shawano, Wisconsin, and thus, is a citizen of Wisconsin.  On or about May 14, 2019, Van Zeeland purchased a new TND Tablet 80 from Rand McNally for $449.99.

10.     Rand McNally is an Illinois corporation with its principal place of business and North American headquarters located in Chicago, Illinois.  Defendant is, thus, a citizen of Illinois.  Defendant does business throughout Illinois, including throughout this judicial district. Upon information and belief, all corporate decisions regarding the TND Tablet 80, including the representations and acts of concealment which are the subject of this lawsuit, were directed by, or emanated from, Rand McNally representatives working in Illinois and/or directly reporting to superiors situated in Illinois.   Furthermore, Defendant's warranty program is created and administered in Illinois.

## SUBSTANTIVE ALLEGATIONS

11.     This class action is brought on behalf of all current and former owners of the TND Tablet 80.

12.     The TND Tablet 80 is manufactured, marketed and sold by Rand McNally.

13.     Defendant provided Plaintiff and Class members with a one-year warranty (the "Warranty").[1]

14.     Despite its substantial cost and Defendant's representations of reliability, the TND Tablet 80 is prone to failure and malfunction, and does substantially fail and malfunction, because of a defect that causes it to consistently generate incorrect directions, identify incorrect current locations, not locate streets and/or addresses, freeze, and experience significant slowdowns, among other problems.

15.     Plaintiff and Class members reasonably expected that the TND Tablet 80 would properly function, including during the Warranty period.  Further, Plaintiff and the Class members reasonably expected that, in the event of failure and/or malfunction, Defendant would fix and/or replace (and, at the very least, have the ability to fix and/or replace) the TND Tablet 80 pursuant to the terms of the Warranty.

16.     During the course of marketing and selling the TND Tablet 80 to Plaintiff and Class members, however, Defendant knew that the TND Tablet 80 was defective based upon warranty data, consumer complaints Rand McNally received directly and/or that were posted on public online forums, as well as through sources not currently available to Plaintiff.  Defendant further knew that there was no fix to eliminate or substantially reduce the failures and malfunctions of the TND Tablet 80, and that there continues to be no fix to date.

---

[1] Available at https://www.randmcnally.com/support/faqs/what-is-the-warranty-on-my-gps (last visited January 10, 2020).

17.     Defendant's knowledge of the defective TND Tablet 80, and the absence of any fix for it, is certain given the close attention Rand McNally pays to the development, production, and quality of its navigation systems.

18.     Moreover, almost immediately after the TND Tablet 80 was released into the market, there were, and continue to be, significant customer complaints regarding the TND Tablet 80, of which Defendant was well aware.  For example:[2]



19.     Additional customer complaints can be found on Amazon:[3]

---

[2] Available at https://www.ebay.com/urw/Rand-Mcnally-TND-Tablet-80-Truck-GPS/product-reviews/216501212 (last visited January 23, 2020).

 Sarmad

★☆☆☆☆ **Horrible Don't ever waste your money on this one first**
October 21, 2017
**Verified Purchase**

Horrible
Don't ever waste your money on this one first, the map freezes a lot every time you use it you have to restart once or twice. second, makes your route longer and not accurate and finally it's not worth the money.

 Simon Kuria

★☆☆☆☆ **Started malfuctioning after three months, charger cant keep up ...**
February 12, 2018
**Verified Purchase**

Started malfuctioning after three months, charger cant keep up and keeps powering off. Maps freezing all the time and the power switch is a nightmare to turn it on.

One person found this helpful



Helpful | ⌄ Comment | Report abuse

 Daniel Marcotte

★☆☆☆☆ **Worst GPS...**
April 25, 2016

Worst GPS I have had so far. I've had it for 6 months now and it keeps giving me problems. It's slow and freezes. If you try having it compare routes it gives you 2 routes with sometimes 500 miles difference between the 2. It will take you out of your way to go to a toll road even though it's not faster or shorter. Doesn't know left from right. My next turn will show right and the voice says to go left. Tablet is cheaply made. Definitely not worth $500. Should stick with Garmin.

3 people found this helpful

---

[3] Available at https://www.amazon.com/product-reviews/B00T8JNV1Y/ref
=cm_cr_arp_d_paging_btm_next_2?ie=UTF8&filterByStar=one_star&reviewerType=all_revie
ws&pageNumber=2#reviews-filter-bar (last visited January 23, 2020).

 james bryant

⭐☆☆☆☆ **Don't buy**

June 18, 2019

I like what was projected it would do! Had it for a month, no GPS,Signal , keeps rerouting because it picks up Street Parallel to where you actually are,GPS not responding. Tech support keeps saying they're working to correct the issues. My question is how long, its been almost a month now?Don't buy unless they correct the issue it's all of the tablets.

[ Helpful ]  | ⌄ Comment | Report abuse

 K. Cawley

⭐☆☆☆☆ **Garbage**

April 12, 2016

A complete waste of money. Truck GPS would freeze randomly going down the interstate. Would show me 40 yards off the interstate going through major cities, Las Vegas Phoenix El Paso Atlanta Birmingham Saint Louis, which would cause it to constantly reroute. Dash cam would freeze, just refuse to start, stop recording after it started etc. Was only able to get it to connect to WIFI once for the almost month that I had it. Started with the TND 70, hoped that I just got a bad unit and exchanged it for the TND 80. Both units had the same problems.

[ Helpful ]  | ⌄ Comment | Report abuse

    20.    Customers also posted about their issues with the TND Tablet 80 with the Better

Business Bureau:[4]

---



[4] Available at https://www.bbb.org/us/il/chicago/profile/map-dealers/rand-mcnally-0654-19075/complaints (last visited January 10, 2020).

06/18/2019

On August 8, 2018, we purchased an Rand McNally ***** GPS. The unit worked fine until the latter part of April 2019. Beginning in early May 2019, I used the Rand McNally software to do diagnostics and repair several times which did not correct the issues (losing the GPS signal, inaccurate routing, and misreporting of vehicle speed.) I called Rand McNally (RM) twice and spoke to Tech Support. After the second failed attempt to fix the issues, RM asked for me to send the unit to their repair facility. We needed the unit for an early June RV trip we had planned. We would be traveling 1100 miles to an unfamiliar area. As the Tech Support representative told us it would be returned in approximately 10 business days, we decided to postpone our trip two weeks and we returned the unit.. It is now June 18, 2019 and after several calls, I have been told there is no estimate for returning the unit to us. We are now scheduled to leave on June 19th, 2019 and have non-refundable reservations. We are senior citizens and want our GPS or a replacement. I was told that they cannot keep staff and we have to wait indefinitely for them to get the staff to make the repairs. We want to take our trip and have a GPS with us that we bought and paid for.

11/13/2019

I bought a Rand Mcnally TND GPS Tablet for $503.77 from ****** ****** ****** **** ************ ********* ** Mebane NC.27302 May,30th,2019.This Tablet never worked right and when I called Rand Mcnally customer service they had a recording stating they were working on a fix for the problem. For two months I could not get a live person on the phone. When I did get someone the lady said they could not refund my money and they were still working on the problem. I stated that I wanted my money back because i had given them enough time to fix the Tablet and they should not have sold the Tablets knowing they didn't work.I then asked to speak to a manager and was told She would have to email a manager to call me and I had to give them 48 hours. This went on for another month me calling trying to resolve the issue and talking to 4 different people. I did get a manager on the phone after 4 months and he said he couldn't refund my money be cause it pass pass 30 days.

06/13/2019

I purchased the TND tablet 80 refurbished on or about March 12, 2019. I went back to this product because I purchased a gps unit back in 2011 and I loved it. i figured the tablet would even be better. the tablet connects to a holder to the windshield by a magnet. Horrible engineering because the second you hit a bump the tablet falls off the carrier. This was only the beginning with this. This product didnt know where I was and the truck icon would start spinning and recalculate every minute or so. it would also run parallel to the road I was on. If it was a newer road or you could tell it was moved Id understand but it wasnt. So I called customer service several times. After many attempts to call them, sitting on hold or not even answering, I finally got hold of a rep. Her name was Jona *******. At 1st she was a little snippy with me but then she was ok. She told me to change settings on it & then see if it changed. I did what she said and it didnt do anything. so, I called back and I had issues again getting hold of someone. So,I emailed Jona and no response.So I called again. This time they had a recording of the issues I was having everyone was having but still I wanted someone to talk to. Finally got someone on phone after days of trying & I got hold of this dude Jessie Balbona. Let me tell you he was rude as a mother. He told me not much they can do. He also told me to email him the serial # and receipt of this and he would see what the mgr would do but I know you werent getting a refund.WOW!!!! Ive tried it again and I still have issues. This product was expensive even at a refurbished price..I even told him to switch it out to a standard gps for trucks that I would accept that. He said nope cant do it.This unit sits at my house in the box bcuz you cant use it. Im really disappointed with this company. Maybe they dont care because of how big they are.

09/09/2017

Good Day, I have bought Rand McNally TND 80 Truk GPS from a truck stop which gave 1 year manufacturer warranty. In the first week I had to get it exchanged because of multiple issues such as freezing, not charging, not displaying proper map location. I got a new device and same are the issues with those. I sent that new device to Rand McNally for repair asking them to fix all of them. They tried to get it fixed over the phone by asking me to perform various steps for repair. All of the process was followed. They tried to manipulate my words and told me they have sent me a new device. But when I checked the new device they sent me over, it was the same device that I sent them for repair as it had all the same security pass codes that I had before. All of them were same. Moreover, the warranty seal was broken on the device. I asked them several times how to repair the device but they keep on repeating old process to repair the device which at the end of the day gives same problems. Now when ever i call them and ask about refunding this device because according to them it is the 3rd new device for replacement, the keep on refusing and they even have refused to repair it or the ask every month to send it back to them. I paid the price to use the device, not keep sending back and forth for repairs every month. This also has affected my work as all of trips are totally dependent on this device. I am asking for a refund of this device and can return this device. Please help me in this case as their customer service has been playing around with since 3-4 months. Thanks

21.     Defendant thus became aware of the defective TND Tablet 80 before Plaintiff and Class members purchased their TND Tablet 80, and certainly well before Plaintiff and Class members contacted Defendant for repairs.

22.     Despite this knowledge, Defendant marketed and sold the TND Tablet 80 while actively concealing and failing to disclose to Plaintiff and Class members that the TND Tablet 80 is defective.  Defendant also concealed and failed to disclose the absence of any fix for the defect in the TND Tablet 80.  The TND Tablet 80's defect, and the absence of any fix, are material facts to a reasonable consumer in deciding whether to purchase the TND Tablet 80.  Defendant should have disclosed these material facts to the public but failed to do so.

-10-

23.     Despite Defendant's knowledge of the defect in the TND Tablet 80, Defendant failed to disclose, and actively concealed, the defective TND Tablet 80 when Plaintiff and Class members contacted Defendant for warranty service.

24.     Defendant misrepresented the reliability of the TND Tablet 80 through an advertising campaign that included, *inter alia*, attaching to the product the slogan "For your truck, For your business, For your life."[5] This slogan was included on the product and on the Rand McNally website.  On its website, Defendant specifically highlights the TND Tablet 80's "Advanced lane guidance" feature, which it purports prepares drivers for upcoming turns and complicated intersections, as well as claiming the device has "all the capabilities and features of Rand McNally's industry-leading IntelliRoute® TND™ truck GPS devices."

25.     Defendant also marketed the TND Tablets on YouTube, with a video that touts the TND Tablets' lane guidance and split screen junction view features, claiming that these features allow drivers to navigate "complex intersections" and "complicated highway interchanges."[6] Just like other public forums, the comment section for this video contains numerous customer complaints about the TND Tablets.

26.     Defendant failed to repair or remedy the defect when Plaintiff and Class members contacted the Rand McNally help center for Warranty repairs for their defective TND Tablet 80 units.

---

[5] Available at https://www.randmcnally.com/product/tnd-tablet-80 (last visited January 10, 2020).
[6] Available at https://www.youtube.com/watch?v=dhxbmS8Mwjg (last visited January 23, 2020).

27.     Defendant's failure to disclose that the TND Tablet 80 is defective is especially egregious in light of the safety risks resulting from driving with an unreliable navigation system. The system directs drivers to unsafe terrain or hazardous road conditions, distracts or confuses drivers, or otherwise suddenly fails to properly work or function at all, thereby placing drivers at greater risk of accidents and harm.   These safety risks would be material to a reasonable consumer in deciding whether or not to purchase the TND Tablet 80 and, as such, Defendant should have disclosed this fact to the public, but failed to do so.

28.     At all relevant times, Defendant had exclusive possession of the information regarding the defective TND Tablet 80 based upon, *inter alia*, Defendant's own testing, industry testing, and consumer complaints it received.   Defendant also exclusively knew that the TND Tablet 80 lacked any fix.   These facts were material to Plaintiff and Class members, and Defendant had a duty to disclose these facts to Plaintiff and the Class, but failed to do so.

29.     Had Defendant disclosed the material information regarding the defective TND Tablet 80, and the absence of any fix for it, Plaintiff and Class members would not have purchased the TND Tablet 80.

30.     Instead of disclosing the defect to Class members seeking a refund for their purchase, Defendant either sent replacement devices that contained the same defect or claimed that the issue was the result of conditions inside the truck cab, and not the TND Tablet 80.

31.     Defendant's conduct has imposed significant costs upon Plaintiff and Class members, not the least of which are the substantial out-of-pocket expenses incurred for a defective TND Tablet 80 that does not work as reasonably expected, in violation of Defendant's Warranty and applicable law.

-12-

32.     Defendant's knowledge of the defective TND Tablet 80, and the lack of any fix for this problem, renders the Warranty provided by Defendant to Plaintiff and Class members illusory. Under all of these circumstances, Defendant's provision of the Warranty to Plaintiff and Class members constitutes an unlawful, unfair and fraudulent business practice and the Warranty is unconscionable.

**Van Zeeland's Experience With His TND Tablet 80**

33.     On or about May 14, 2019, Van Zeeland purchased a new TND Tablet 80 from Rand McNally's website for $449.99. In purchasing the TND Tablet 80, Van Zeeland wanted a reliable, accurate, and quality navigation system and, based on Defendant's advertising to which he was exposed, including a merchandise display at a Petro Truck Stop and information and demonstrations on the Rand McNally website, Plaintiff was led to believe that Rand McNally was a brand with a reputation for offering reliable and quality products; therefore, he elected to purchase the Rand McNally TND Tablet 80.

34.     At all times, Van Zeeland operated his TND Tablet 80 in a manner consistent with its intended use. Nevertheless, Van Zeeland has experienced persistent problems with his TND Tablet 80 including, but not limited to, displaying his location on a parallel or nonexistent road and rerouting accordingly, directing him to the wrong locations, and taking him in the opposite direction. In some instances, while driving through cities, the vehicle icon TND Tablet 80 would continuously spin and jump between overpasses and underpasses. In addition to causing substantial delays, this defect left Van Zeeland without a reliable way to navigate cities to his destination while he was behind the wheel of his truck. Van Zeeland's problems with his

TND Tablet 80 were neither limited nor occasional – he experienced these problems most of the time that he used the TND Tablet 80.

35.     In or about July 2019, and subsequently in August 2019, Van Zeeland contacted the Rand McNally help center to complain about the problems he was experiencing with the TND Tablet 80.   Van Zeeland was met each time with a prerecorded statement that Rand McNally was aware of the problems with the TND Tablet 80, such as no GPS signal or the vehicle icon displaying on a road parallel to the actual location of the vehicle and generating incorrect directions from this location, and that it was working to resolve the problem. Relying on Defendant's representation that a fix would be available for the tablet, Van Zeeland continued to periodically call for updates, but was met with the same prerecorded message each time.

36.     Once again in August 2019, Van Zeeland contacted Defendant regarding his defective TND Tablet 80 and finally was able to speak with Rand McNally representatives. These calls lasted up to an hour, as Plaintiff was constantly transferred, and on subsequent calls Plaintiff was told after 45 minutes that he had exceeded his time limit and that the representatives could no longer speak to him. However, one representative offered a fix, and after about a week, Rand McNally sent Van Zeeland a new mount for the TND Tablet 80 called a "slice."

37.     The new slice did not fix the problem, and Van Zeeland again contacted Defendant, and was told by another representative to reset his TND Tablet 80.  After following these instructions, the device still did not work, and Plaintiff requested a refund.  The Rand McNally representative offered to have a manager call back when he was available, but Van Zeeland never received a return call.

-14-

38.     On October 25, 2019, Van Zeeland contacted Rand McNally to again request a refund and was told that the issue was not the fault of the unit, but the conditions in the truck. Even though he had contacted Rand McNally about his issues with the tablet within two weeks of purchase, because Van Zeeland had not requested a refund from Rand McNally within 30 days of his purchase of the TND Tablet 80, Defendant refused to provide a refund.

39.     Van Zeeland attempted to use the TND Tablet 80 in several different trucks, and even in his personal vehicle, to determine whether the defect was the result of the conditions inside the cab of his truck, but he experienced the same problems, regardless of which vehicle the TND Tablet 80 was being used in.

40.     The TND Tablet 80's frequent and persistent failures have rendered it useless and Van Zeeland been forced to stop using it.  As a commercial truck driver, Van Zeeland relies on his GPS to navigate the most efficient route, and to direct him away from areas where commercial trucks are prohibited.  Because the TND Tablet 80 consistently shows the incorrect location and fails to route correctly, Van Zeeland and other truck drivers risk being routed into prohibited areas, which could result in steep fines. Additionally, the constant distraction of a defective navigation has the potential to create dangerous conditions for drivers and those around them.

41.     Had Defendant's advertisements, statements, or other materials and communications informed Van Zeeland of the defective TND Tablet 80 and the lack of any fix, as well as Defendant's refusal to remedy the problems, Van Zeeland would not have opted to purchase the TND Tablet 80, much less pay the amount he did for it.

42.     Van Zeeland has suffered ascertainable loss as a consequence of Defendant's misconduct alleged herein, including, *inter alia*, the $449.99 he paid to purchase the TND Tablet 80.

## APPLICABLE SUBSTANTIVE LAW

43.     Illinois's substantive laws apply to the proposed Class, as defined herein, because Plaintiff properly brings this Complaint in this district.

44.     Illinois's substantive laws may be constitutionally applied to the claims of Plaintiff and the Class under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV., § 1, of the U.S. Constitution.   Illinois has significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiff and all Class members, thereby creating state interests that ensure that the choice of Illinois state law is not arbitrary or unfair.

45.     Defendant's headquarters and principal place of business are located in Illinois. Defendant also owns property and conducts substantial business in Illinois and, therefore, Illinois has an interest in regulating Defendant's conduct under its laws.  Defendant's decision to reside in Illinois and avail itself of Illinois's laws renders the application of Illinois law to the claims herein constitutionally permissible.

46.     A substantial number of members of the Class also reside in Illinois and purchased the TND Tablet 80 in Illinois.

47.     Illinois is also the state from which Defendant's alleged misconduct emanated.

48.     This conduct similarly injured and affected Plaintiff and Class members.  For instance, Defendant's marketing and engineering efforts relating to the TND Tablet 80, as well as its Warranty decisions, were undertaken and orchestrated from its headquarters in Illinois.

49.     The application of Illinois's laws to the Class is also appropriate under Illinois's choice-of-law rules because Illinois has significant contacts to the claims of Plaintiff and the Class, and Illinois has a greater interest in applying its laws here than any other interested state.

50.     In the alternative, the law of the home state of Plaintiff and each Class member should apply to his or her claim

## CLASS ACTION ALLEGATIONS

51.     Plaintiff brings this class action on behalf of himself and all other similarly situated members of the proposed Classes, which are defined as follows:

**Nationwide Class:**

All current and former purchasers of the Rand McNally TND Tablet 80.

or, in the alternative,

**Multi-State Consumer Protection Class:**

All current and former purchasers of the Rand McNally TND Tablet 80 in Illinois or any state with similar laws.[7]

---

[7] While discovery may alter the following, Plaintiff asserts that the other states with similar consumer fraud laws under the facts of this case include, but are not limited to: Arkansas (Ark. Code § 4-88-101, et seq.); Colorado (Colo. Rev. Stat. § 6-1-101, et seq.); Connecticut (Conn. Gen. Stat. § 42-110, et seq.); Delaware (Del. Code tit. 6, § 2511, et seq.); District of Columbia (D.C. Code § 28-3901, et seq.); Florida (Fla. Stat. § 501.201, et seq.); Hawaii (Haw. Rev. Stat. § 480-1, et seq.); Idaho (Idaho Code § 48-601, et seq.); Illinois (815 ICLS § 505/1, et seq.); Maine (Me. Rev. Stat. tit. 5 § 205-A, et seq.); Massachusetts (Mass. Gen. Laws Ch. 93A, et seq.); Michigan (Mich. Comp. Laws § 445.901, et seq.); Minnesota (Minn. Stat. § 325F.67, et seq.); Missouri (Mo. Rev. Stat. § 407.010, et seq.); Montana (Mo. Code. § 30-14-101, et seq.); Nebraska (Neb. Rev. Stat. § 59 1601, et seq.); Nevada (Nev. Rev. Stat. § 598.0915, et seq,); New

or, in the alternative,

**Wisconsin Class:**

All current or former purchasers of the Rand McNally TND Tablet 80 in Wisconsin.

52.     Excluded from the Class are Defendant; any entity in which Defendant has a controlling interest, and any of its subsidiaries, affiliates, officers, directors of Rand McNally, or employees; any authorized dealers; and any legal representative, heir, successor, or assignee of Rand McNally.  Plaintiff reserves the right to amend the definition of the Class if discovery and/or further investigation reveals that the Class should be expanded or otherwise modified.

53.     This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

54.     <u>Numerosity/Impracticability of Joinder</u>: The members of the Class are so numerous that joinder of all members is impracticable.  Plaintiff reasonably estimates that there are thousands of Class members who purchased the TND Tablet 80.  The precise number of Class members can be readily ascertained by reviewing documents in Defendant's possession, custody, and control.

---

Hampshire (N.H. Rev. Stat. § 358-A:1, et seq.); New Jersey (N.J. Stat. § 56:8-1, et seq.); New Mexico (N.M. Stat. § 57-12-1, et seq.); New York (N.Y. Gen. Bus. Law § 349, et seq.); North Dakota (N.D. Cent. Code § 51-15-01, et seq.); Oklahoma (Okla. Stat. tit. 15, § 751, et seq.); Oregon (Or. Rev. Stat. § 646.605, et seq.); Rhode Island (R.I. Gen. Laws § 6-13.1-1, et seq.); South Dakota (S.D. Code Laws § 37-24-1, et seq.); Texas (Tex. Bus. & Com. Code § 17.41, et seq.); Virginia (VA Code § 59.1-196, et seq.); Vermont (Vt. Stat. tit 9, § 2451, et seq.); Washington (Wash. Rev. Code § 19.86.010, et seq.); West Virginia (W. Va. Code § 46A-6- 101, et seq.); and Wisconsin (Wis. Stat. § 100.18, et seq.). *See Mullins v. Direct Digital, LLC*, No. 13-cv-1829, 2014 WL 5461903 (N.D. Ill. Sept. 30, 2014), *aff'd*, 795 F.3d 654 (7th Cir. 2015).

55.     Commonality and Predominance: There is a well-defined community of interest and common questions of law and fact, which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary from one Class member to another and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to, the following:

a.     Whether the TND Tablet 80 is defective;

b.     Whether Rand McNally knew that the TND Tablet 80 was and is defective;

c.     Whether Rand McNally omitted and/or concealed material facts from Plaintiff and the Class regarding the defect inherent in the TND Tablet 80;

d.     Whether Rand McNally made false and/or misleading statements about the TND Tablet 80;

e.     Whether Rand McNally's false and/or misleading statements of fact and concealment of material facts concerning the performance and reliability of the TND Tablet 80 were likely to deceive the public;

f.     Whether Rand McNally has engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in connection with the advertising, marketing and sale of the TND Tablet 80;

g.     Whether Illinois law can be applied to the claims of the Class;

h.     Whether Rand McNally has violated certain state consumer protection statutes;

i.      Whether Rand McNally has breached its uniform written warranty;

j.      Whether Rand McNally has breached the implied warranty of merchantability;

k.      Whether Rand McNally has been unjustly enriched;

l.      Whether Plaintiff and the Class have suffered damages as a result of Rand McNally's wrongful conduct and, if so, the appropriate amount thereof; and

m.      Whether Plaintiff and the Class are entitled to equitable relief and/or other relief and, if so, the nature of such relief.

56.    <u>Typicality</u>: The representative Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all Class members have suffered the same injuries as a result of Defendant's wrongful conduct. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

57.    <u>Adequacy</u>: Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

58.    <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. Furthermore, as the

damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation presents the potential for inconsistent or contradictory judgments. There will be no difficulty in the management of this class action. A class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

59. Defendant has, or has access to, address information for the Class members, which may be used for the purpose of providing notice of the pendency of this action.

## COUNT I
### Violations Of The MMWA (15 U.S.C. §§ 2301-2312 – Written Warranty) On Behalf Of Plaintiff And The Class

60. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein, to the extent not inconsistent with the claims asserted in this Count.

61. The TND Tablet 80 units at issue are "consumer products" within the meaning of 15 U.S.C. § 2301(1).

62. Plaintiff and all Class members are "consumers" within the meaning of 15 U.S.C. § 2301(3).

63. Rand McNally is and was a "supplier" and "warrantor" within the meaning of 15 U.S.C. §§ 2301(4) and (5).

64. Rand McNally made "written warranties" to Plaintiff and all Class members

within the meaning of 15 U.S.C. § 2301(6).

65.     Defendant's written warranties made to Plaintiff and all Class members were the same in all material respects.

66.     Defendant knew that the TND Tablet 80 units at issue had a serious defect and nevertheless still marketed and otherwise sold them with the written Warranty that the TND Tablet 80 units were free from defects and would perform in the manner and for the purpose that they are intended.

67.     Defendant was obligated under the terms of the written warranty to repair or replace the defective navigation system to ensure the TND Tablet 80 units were working properly.

68.     Defendant has breached its written Warranty, as set forth above, by supplying the TND Tablet 80 in a condition that does not meet the warranty obligations undertaken by Defendant, and by failing to repair or replace the defective TND Tablet 80 and/or refund the amounts paid by Plaintiff and the Class to replace the defective TND Tablet 80.

69.     As set forth above, the warranty fails in its essential purpose and, accordingly, Plaintiff and members of the Class cannot and should not be limited to the remedies set forth in the written Warranty and, instead, should be awarded other appropriate relief, including all compensatory damages and injunctive relief.

70.     Defendant has received sufficient and timely notice of the alleged breaches of Warranty.  Despite this notice and Defendant's knowledge of the defect in the TND Tablet 80 at issue, Defendant has failed and refused to honor the Warranty.

71.     Defendant has received, upon information and belief, numerous complaints and

other notices from its customers nationwide advising it of the defect in the TND Tablet 80 at issue.

72.     Plaintiff has given Defendant a reasonable opportunity to cure its failures with respect to its breaches of the written Warranty, and Defendant has failed to do so.  To the extent any member of the Class has not given Defendant a reasonable opportunity to cure, any such failure is excused because of Defendant's conduct described herein.

73.     All jurisdictional prerequisites have been satisfied.

74.     By Defendant's conduct as described herein, including its knowledge of the defective TND Tablet 80 and its action, and inaction, in the face of that knowledge, Defendant has failed to comply with its obligations under its written promises, warranties, and representations.

75.     As a result of Defendant's breach of its written warranties, Plaintiff and the members of the Class are entitled to revoke their acceptance of the TND Tablet 80, obtain damages and equitable relief, and obtain attorneys' fees and costs under 15 U.S.C. § 2310.

**<u>COUNT II</u>**
**Breach of Express Warranty (810 ILCS 5/2-313)**
**On Behalf Of Plaintiff And The Class**

76.     Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein, to the extent not inconsistent with the claims asserted in this Count.

77.     Defendant's express warranties covered the TND Tablet 80 under the circumstances described herein.

-23-

78.     The express Warranty was provided to Plaintiff and members of the Class by Defendant and specifically extends to original purchasers of the TND Tablet 80 for the period of Warranty coverage.

79.     Defendant has breached its express warranties, as set forth above, by supplying the TND Tablet 80 units in a condition in which they do not meet the Warranty obligations undertaken by Defendant and by failing to repair or replace the defect and/or defective parts inherent in the TND Tablet 80.

80.     Defendant is obligated under the terms of its express warranties to repair and/or replace the defective TND Tablet 80 units sold to Plaintiff and the Class.

81.     Defendant has received timely notice of the breaches of Warranty alleged herein, or its conduct has otherwise obviated the need for any such notice.

82.     In addition, Defendant has received, upon information and belief, numerous complaints and other notices from its customers nationwide advising it of the defects in the TND Tablet 80.  Despite this notice and Defendant's knowledge, Defendant refuses to honor its warranties, even though it knows of the defect in the TND Tablet 80.

83.     Defendant has failed to provide Plaintiff and the Class, as a Warranty replacement, a product that conforms to the qualities and characteristics that Defendant expressly warranted when it sold the TND Tablet 80 to Plaintiff and members of the Class.

<u>**COUNT III**</u>
**Breach of Implied Warranty of Merchantability (810 ILCS 5/2-314)**
**On Behalf Of Plaintiff And The Class**

84.     Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein, to the extent not inconsistent with the claims asserted in this Count.

85.     Plaintiff and the members of the Class are "buyers" as that term is defined in 810 ILCS 5/2-103.

86.     Defendant is a "seller" as that term is defined in 810 ILCS 5/2-103.

87.     The TND Tablet 80s are "goods" as that term is defined in 810 ILCS 5/2-105.

88.     Defendant is a merchant in the sale of the TND Tablet 80 to Plaintiff and the members of the nationwide Class pursuant to 810 ILCS 5/2-104.  Defendant manufactures, markets and sells the TND Tablet 80; thus, Defendant provided Plaintiff and the members of the Class with an implied warranty that the TND Tablet 80 is merchantable and fit for the ordinary purposes for which the tablets were sold.  The TND Tablet 80, however, is not fit for ordinary purposes for which such navigation systems are used because it does not show the correct current location of the vehicle and display incorrect routes.  As a result, the TND Tablet 80 does not meet the expectations of Plaintiff or any other reasonable purchasers of the TND Tablet 80 as to the manner in which the TND Tablet 80 should perform when used for ordinary purposes, because the manner in which the TND Tablet 80 units perform is so deficient and below a minimum level of quality as to render them unfit for their ordinary use and purpose.  By selling the TND Tablet 80, as well as by failing to repair the TND Tablet 80, Defendant has breached the implied warranty of merchantability.

89.     The TND Tablet 80 does not conform to the promises and affirmations uniformly issued by Rand McNally in its sales and marketing materials and warranties.

90.     Plaintiff and the Class members have used the TND Tablet 80 for their intended and ordinary purpose.

91.     Plaintiff and the Class members have performed each and every duty required under the terms of the warranties, except as may have been excused or prevented by the conduct of Defendant or by operation of law in light of Defendant's unconscionable conduct.

92.     Members of the Class have provided timely notice to Defendant regarding the problems they experienced with the TND Tablet 80 and, notwithstanding such notice, Defendant has failed and refused to offer Plaintiff and the Class an effective remedy, or such notice has otherwise been excused by Defendant's conduct and operation of law.

93.     In addition, Defendant has received, on information and belief, numerous complaints and other notices from consumers and others advising it of the problems associated with the defective TND Tablet 80.

94.     By virtue of the conduct described herein, Defendant has breached its implied warranty of merchantability.

95.     Plaintiff and the Class members have been damaged as a direct and proximate result of Defendant's breach of the implied warranty.

**COUNT IV**
**Violations of the Consumer Fraud and Deceptive Practices Act (815 ILCS 505/2)**
**On Behalf of Plaintiff and the Class**

96.     Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein, to the extent not inconsistent with the claims asserted in this Count.

97.     Plaintiff is a consumer within the meaning of 815 ILCS 505/1 and used the TND Tablet 80 for personal and business use but not for resale purposes.

98.     Defendant was aware of the defect in the TND Tablet 80 when it marketed and sold it to Plaintiff and the Class and failed to disclose this material defect from Plaintiff and the Class.

99.     Defendant knowingly withheld the information regarding the defect in order to continue to sell the TND Tablet 80.

100.     If Plaintiff and the class had been aware of the defect in the TND Tablet 80, they would not have bought the tablet.

101.     Plaintiff and the Class members have been damaged as a direct and proximate result of Defendant's failure to disclose a material defect in the TND Tablet 80.

**COUNT V**
**Violations of the Illinois Uniform Deceptive Trade Practices Act**

102.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

103.     Plaintiff brings this action individually and on behalf of the Class.

104.    The Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/2, prohibits deceptive trade practices, including among others, those "(2) caus[ing] likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; . . . (5) represent[ing] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . .; (7) represent[ing] that goods or services are of a particular standard, quality, or grade . . . if they are of another; . . . (9) advertis[ing] goods or services with intent not to sell them as advertised; . . . [and] (12) engag[ing] in any other conduct which similarly creates a likelihood of confusion or misunderstanding."

105.    Defendant is a "person" as defined in 815 Ill. Comp. Stat. § 510/1(5).

106.    Defendant has engaged in deception, fraud, unfair practices, and concealment by the conduct, statements, and omissions described above, and by knowingly and intentionally concealing from consumers that the TND Tablet 80 is defective. Accordingly, Defendant engaged in unfair or deceptive acts or practices as defined in 815 Ill. Comp. Stat. § 510/2.

107.    The facts concealed or not disclosed by Defendant to Plaintiff and the Class members regarding the TND Tablet 80's defects are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the Tablet. Had Plaintiff and the Class members known about the facts concealed by Defendant, they would not have purchased the TND Tablet 80.

108.    Plaintiff and the other Class members were injured as a result of Defendant's conduct, including but not limited to their purchase of a product they otherwise would not have

purchased and them being deprived of the benefit of their bargain. These injuries are the direct and natural consequence of Defendant's misrepresentations and omissions.

109.    The injuries suffered by Plaintiff and the Class members are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiff and the Class members should have reasonably avoided.

110.    Plaintiff and the other Class members' injuries were proximately caused by Defendant's fraudulent and deceptive business practices.

**COUNT VI**
**Violation of State Consumer Protection Statutes**
**(On Behalf of Plaintiff and the Multi-State Consumer Protection Class)**

111.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

112.    Plaintiff brings this action individually and on behalf of the Multi-State Consumer Protection Class.

113.    Plaintiff and Class members have been injured as a result of Defendant's violations of the state consumer protection statutes listed above in paragraph 51 and footnote 7, which also provide a basis for redress to Plaintiff and Class members based on Defendant's fraudulent, deceptive, unfair and unconscionable acts, practices and conduct.

114.    Defendant's conduct as alleged herein violates the consumer protection, unfair trade practices and deceptive acts laws of each of the jurisdictions encompassing the Multi-State Consumer Protection Class.

115.    Defendant has engaged in deception, fraud, unfair practices, and concealment by the conduct, statements, and omissions described above, and by knowingly and intentionally concealing from consumers the defects in the TND Tablet 80.

116.    Defendant violated the Multi-State Consumer Protection Class states' unfair and deceptive acts and practices laws by engaging in these unfair or deceptive acts or practices.

117.    The facts concealed or not disclosed by Defendant to Plaintiff and the Multi-State Consumer Protection Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the TND Tablet 80. Had Plaintiff and the Class Members known about the facts concealed by Defendant, they would not have purchased the TND Tablet 80.

118.    Plaintiff and the other Multi-State Consumer Protection Class Members were injured as a result of Defendant's conduct in that they purchased a product they otherwise would not have and did not receive the benefit of their bargain. These injuries are the direct and natural consequence of Defendant's misrepresentations and omissions.

119.    The injuries suffered by Plaintiff and the Multi-State Consumer Protection Class Members are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiff and the Multi-State Consumer Protection Class Members should have reasonably avoided.

120.    Plaintiff and the other Multi-State Consumer Protection Class Members' injuries were proximately caused by Defendant's fraudulent and deceptive business practices.

121.    As a result of Defendant's violations, Defendant has been unjustly enriched.

122.    Pursuant to the aforementioned states' unfair and deceptive practices laws, Plaintiff and Class members are entitled to recover compensatory damages, restitution, punitive and special damages including but not limited to treble damages, reasonable attorneys' fees and costs and other injunctive or declaratory relief as deemed appropriate or permitted pursuant to

the relevant law.

## COUNT VII
### Fraudulent Concealment
### (On Behalf of the Nationwide Class or, alternatively, the Multi-State Consumer Protection Class or, alternatively, the Wisconsin Class)

123.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

124.    Plaintiff bring this action individually and on behalf of the Class.

125.    The misrepresentations, nondisclosure, and/or concealment of material facts made by Defendant to Plaintiff and the Class Members, as set forth above, were known, or through reasonable care should have been known, by Defendant to be false and material and were intended to mislead Plaintiff and the Class Members.

126.    Plaintiff and the Class Members were actually misled and deceived and were induced by Defendant to purchase a defective product.

127.    Plaintiff and the other Class Members have suffered an injury in fact, including the loss of money or property, as a result of Defendant's unfair, unlawful, and/or deceptive practices. Accordingly, Plaintiff and the other Class members paid for a defective product and did not receive the benefit of their bargain.

128.    As a result of the conduct of Defendant, Plaintiff and the Class Members have been damaged in an amount to be determined at trial.

## COUNT VIII
### Unjust Enrichment
### On Behalf Of Plaintiff And The Class

129.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein, to the extent not inconsistent with the claims asserted in this Count.

130.     This claim is asserted in the alternative on behalf of Plaintiff and the members of the Class, to the extent that any contracts do not govern the entirety of the subject matter of the disputes with Defendant.

131.     As a direct and proximate result of Defendant's misconduct as set forth above, Defendant has been unjustly enriched.

132.     Specifically, by its misconduct described herein, Defendant has accepted a benefit (monies paid by Plaintiff and Class members).

133.     It would be inequitable for Defendant to retain the profits, benefits, compensation, consideration and other monies obtained by and from Defendant's wrongful conduct in marketing and selling the defective TND Tablet 80 at issue to Plaintiff and the Class, as well as engaging in the other unfair and deceptive conduct detailed in this Complaint.

134.     Plaintiff, on behalf of himself and all others similarly situated, seeks restitution from Defendant and an Order of this Court proportionally disgorging all profits, benefits, compensation, consideration, and other monies obtained by Defendant from its wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the proposed Class, prays

for judgment as follows:

    a.      Certification of the Class under Federal Rule of Civil Procedure 23 and appointment of Plaintiff as representatives of the Class and his counsel as Class counsel;

    b.      Compensatory and other damages for economic and non-economic damages;

    c.      Awarding restitution and disgorgement of Defendant's revenues or profits to Plaintiff and the members of the proposed Class;

    d.      An Order requiring Defendant to cease and desist from engaging in the alleged wrongful conduct and to engage in a corrective advertising campaign;

    e.      Statutory pre-judgment and post-judgment interest on any amounts;

    f.      Payment of reasonable attorneys' fees and recoverable litigation expenses as may be allowable under applicable law; and

    g.      Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: January 23, 2020            Respectfully submitted,

                        By: */s/ Katrina Carroll*
**CARLSON LYNCH, LLP**
Katrina Carroll
Kyle A. Shamberg
111 W. Washington Street, Suite 1240
Chicago, Illinois 60602
Telephone: (312) 750-1265
kcarroll@carlsonlynch.com
kshamberg@carlsonlynch.com

**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
James C. Shah
1845 Walnut Street, Suite 806
Philadelphia, PA  19103
Telephone: (610) 891-9880
Facsimile: (866) 300-7367
jshah@sfmslaw.com

*Attorneys for Plaintiff and the Proposed Classes*